UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES J. TAYLOR,<br><br>       Plaintiff,<br><br> v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>       Defendant. | Case No. 3:13-cv-05448-RBL-KLS<br><br>REPORT AND RECOMMENDATION<br><br>Noted for May 23, 2014 |

  Plaintiff has brought this matter for judicial review of defendant's denial of his application for disability insurance benefits. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule MJR 4(a)(4) and as authorized by Mathews, Secretary of H.E.W. v. Weber, 423 U.S. 261 (1976). After reviewing the parties' briefs and the remaining record, the undersigned submits the following Report and Recommendation for the Court's review, recommending that for the reasons set forth below, defendant's decision to deny benefits be affirmed.

<u>FACTUAL AND PROCEDURAL HISTORY</u>

  On December 23, 2009, plaintiff filed an application for disability insurance benefits, alleging disability as of July 21, 2009. See ECF #12, Administrative Record ("AR") 23. That

REPORT AND RECOMMENDATION - 1

application was denied upon initial administrative review on May 12, 2010 and on reconsideration on July 26, 2010. See id.  A hearing was held before an administrative law judge ("ALJ") on August 12, 2011, at which plaintiff, represented by counsel, appeared and testified, as did a vocational expert. See AR 41-86.

In a decision dated September 23, 2011, the ALJ determined plaintiff to be not disabled. See AR 23-36.  Plaintiff's request for review of that decision was denied by the Appeals Council on April 9, 2013, making the ALJ's decision the final decision of the Commissioner of Social Security (the "Commissioner"). See AR 1; 20 C.F.R. § 404.981.  On June 12, 2013, plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's final decision. See ECF #3.  The administrative record was filed with the Court on October 8, 2013. See ECF #12.  The parties have completed their briefing, and thus this matter is now ripe for the Court's review.

Plaintiff argues defendant's decision to deny benefits should be reversed and this matter should be remanded for an award of benefits, or in the alternative for further administrative proceedings, because the ALJ erred: (1) in failing to accommodate all of the physical functional limitations assessed by Donald D. Ramsthel, M.D.; and (2) in assessing plaintiff's credibility. For the reasons set forth below, however, the undersigned disagrees that the ALJ erred as alleged – and thus that she erred in determining plaintiff to be not disabled – and therefore recommends that defendant's decision to deny benefits be affirmed.

## DISCUSSION

The determination of the Commissioner that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); see also Batson v. Commissioner of Social Security

REPORT AND RECOMMENDATION - 2

Admin., 359 F.3d 1190, 1193 (9th Cir. 2004); Carr v. Sullivan, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing Brawner v. Secretary of Health and Human Services, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation omitted); see also Batson, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting Rhinehart v. Finch, 438 F.2d 920, 921 (9th Cir. 1971)). [1]

I.   The ALJ's Evaluation of Dr. Ramsthel's Assessed Limitations

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. See Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998).

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

Sorenson, 514 F.2d at 1119 n.10.

REPORT AND RECOMMENDATION - 3

Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982).  In such cases, "the ALJ's conclusion must be upheld." Morgan v. Commissioner of the Social Sec. Admin., 169 F.3d 595, 601 (9th Cir. 1999).  Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." Id. at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." Reddick, 157 F.3d at 725.  The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Id.  The ALJ also may draw inferences "logically flowing from the evidence." Sample, 694 F.2d at 642.  Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." Magallanes v. Bowen, 881 F.2d 747, 755, (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996).  Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Id. at 830-31.  However, the ALJ "need not discuss *all* evidence presented" to him or her. Vincent on Behalf of Vincent v. Heckler, 739 F.3d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original).  The ALJ must only explain why "significant probative evidence has been rejected." Id.; see also Cotter v. Harris, 642 F.2d 700, 706-07 (3rd Cir. 1981); Garfield v. Schweiker, 732 F.2d 605, 610 (7th Cir. 1984).

REPORT AND RECOMMENDATION - 4

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. See Lester, 81 F.3d at 830. On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); Batson v. Commissioner of Social Sec. Admin., 359 F.3d 1190, 1195 (9th Cir. 2004); see also Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001); Matney on Behalf of Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir. 1992). An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." Lester, 81 F.3d at 830-31. A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." Id. at 830-31; Tonapetyan, 242 F.3d at 1149.

The ALJ in this case found in relevant part with respect to functional limitations assessed by Dr. Ramsthel:

> Dr. Ramsthel opined the claimant could be on his feet walking or standing for 30 minutes to one hour at a time, translating into at least two to three hours out of an eight-hour day. He could sit for one hour, translating into at least four hours out of an eight-hour day. He could lift and carry 30 pounds infrequently and 20 pounds frequently. (Exhibit 9F/5). This opinion is given some weight because it is generally consistent with the record as a whole. Consistent with his opinion, the residual functional capacity limits the claimant to standing and walking for 30 to 60 minutes at a time for a total of three hours in an eight-hour day. He can sit for one hour at a time for a total of five hours in an eight-hour day. However, the longitudinal record supports greater limits on lifting and carrying, as well as postural and environmental restrictions.

AR 33. Plaintiff argues the ALJ was required, but failed, to explain how she concluded that he could stand and walk for a total of three hours – as opposed to at least two to three hours – and could sit for a total of five hours – as opposed to at least four hours – in an eight-hour workday. But as defendant points out the ALJ's conclusions concerning plaintiff's ability to stand, walk

REPORT AND RECOMMENDATION - 5

and sit in an eight-hour workday are entirely consistent with Dr. Ramsthel's assessment, as Dr. Ramsthel expressly opined that plaintiff could stand and walk for a total of *at least* two to three hours and could sit for a total of *at least* four hours in an eight-hour workday. See AR 266. The use of the words "at least" by Dr. Ramsthel clearly indicates he believed plaintiff could do these tasks for longer periods of time as well, which is right in line with the ALJ's findings.

II.     The ALJ's Assessment of Plaintiff's Credibility

Questions of credibility are solely within the control of the ALJ. See Sample, 694 F.2d at 642. The Court should not "second-guess" this credibility determination. Allen, 749 F.2d at 580. In addition, the Court may not reverse a credibility determination where that determination is based on contradictory or ambiguous evidence. See id. at 579. That some of the reasons for discrediting a claimant's testimony should properly be discounted does not render the ALJ's determination invalid, as long as that determination is supported by substantial evidence. Tonapetyan , 242 F.3d at 1148.

To reject a claimant's subjective complaints, the ALJ must provide "specific, cogent reasons for the disbelief." Lester, 81 F.3d at 834 (citation omitted). The ALJ "must identify what testimony is not credible and what evidence undermines the claimant's complaints." Id.; see also Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993). Unless affirmative evidence shows the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." Lester, 81 F.2d at 834. The evidence as a whole must support a finding of malingering. See O'Donnell v. Barnhart, 318 F.3d 811, 818 (8th Cir. 2003).

In determining a claimant's credibility, the ALJ may consider "ordinary techniques of credibility evaluation," such as reputation for lying, prior inconsistent statements concerning symptoms, and other testimony that "appears less than candid." Smolen v. Chater, 80 F.3d 1273,

REPORT AND RECOMMENDATION - 6

1284 (9th Cir. 1996). The ALJ also may consider a claimant's work record and observations of physicians and other third parties regarding the nature, onset, duration, and frequency of symptoms. See id.

The ALJ in this case discounted plaintiff's credibility in part because his allegations of disabling mental and physical symptoms and limitations were not supported by the objective medical evidence in the record. See AR 28-31. This is a proper basis for finding a claimant to be not fully credible, and indeed plaintiff has offered no specific challenge to this stated basis for discounting his credibility in this case. See Regennitter v. Commissioner of SSA, 166 F.3d 1294, 1297 (9th Cir. 1998) (determination that claimant's subjective complaints are "inconsistent with clinical observations" can satisfy clear and convincing requirement); see also Carmickle v. Commissioner of Social Sec. Admin., 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (issue not argued with specificity in briefing will not be addressed); Paladin Associates., Inc. v. Montana Power Co., 328 F.3d 1145, 1164 (9th Cir. 2003) (by failing to make argument in opening brief, objection to district court's grant of summary judgment was waived); Kim v. Kang, 154 F.3d 996, 1000 (9th Cir.1998) (matters on appeal not specifically and distinctly argued in opening brief ordinarily will not be considered).

The ALJ also discounted plaintiff's credibility in part based on his daily activities. See AR 31. Again, plaintiff does not specifically challenge this stated basis for finding him to be not fully credible. See Carmickle, 533 F.3d at 1161 n.2; Paladin, 328 F.3d at 1164; Kim, 154 F.3d at 1000; see also Orn v. Astrue, 495 F.3d 625, 639 (9th Cir. 2007) (credibility may be discounted based on claimant's daily activities if they "meet the threshold for transferable work skills" or if they contradict claimant's "other testimony"). The ALJ further found plaintiff to be not entirely credible because:

REPORT AND RECOMMENDATION - 7

> The claimant has worked after the alleged onset date of disability. He testified he worked at Vacations International for one or two weeks in the second quarter of 2010. He gave presentations on timeshare properties to potential customers. His earnings record shows wages of $1,208 in 2010. He also collected unemployment compensation in 2010. (Exhibit 5D/1-2). The claimant testified he lacks sufficient stamina to work eight hours per day. However, he further testified that in his work after the alleged onset date, he worked eight-hour days and missed no days of work. He did not experience any panic attacks while at Alpine Merchant Services, but had one panic attack at Vacations International, which he did not describe. These statements suggest, by the claimant's own admission, that despite his impairments, he retains the functional capacity to perform some type of work. His recent work activity evidences a higher level of functioning than alleged in his application and testimony.
>
> There are references in the record to the claimant actively seeking employment. In a function report, the claimant stated that on a typical day he uses a computer to look for jobs and complete job applications. (Exhibit 4E/1). He told Dr. [Amanda J.] Ragonesi he spends most days looking for employment. He reported improvements in his mood related to his active pursuit of employment. (Exhibit 5F/1). In July 2010 he told [Kathryn G.] Molinar[, ARNP] he has been unable to find a job. (Exhibit 11F/2). The claimant has sufficient insight to recognize he suffers some limitations. At the hearing, he stated he could not sustain employment. However, this sampling of the claimant's job search activity suggests awareness of his limitations and a belief he can work despite them. If the claimant truly feels he cannot work, it is unclear why he continues to seek employment. This job-seeking behavior conflicts with his testimony. Statements inconsistent with his actions weaken his credibility.

AR 31-32. Citing Lingenfelter v. Astrue, 504 F.3d 1028 (9th Cir. 2007), plaintiff argues the ALJ erred in relying on his work activity to discount his credibility, asserting that activity constituted failed short-lived work attempts.

The facts in Lingenfelter, however, are distinguishable from those of this case. First, the record in Lingenfelter showed the claimant stopped working due to his impairments (see id. at 1033), whereas the record here, as plaintiff himself admits, fails to demonstrate that. Indeed, plaintiff admits he does not know why those jobs ended. See ECF #14, p. 8. Plaintiff argues the short amount of time he was on the job alone is enough to call into question the ALJ's reliance

REPORT AND RECOMMENDATION - 8

on that evidence to discount his credibility. But the mere fact that a period of work is short does not at all prove that the work period ended due to a mental or physical impairment. The ALJ, furthermore, noted plaintiff testified that while on the job he worked eight-hour days and missed no days, which – in the absence of any actual evidence that plaintiff's jobs ended due to his impairments – is not an unreasonable basis for the ALJ to find he could perform at least some work. Second, unlike here, the work attempt at issue in Lingenfelter occurred after the relevant time period in that case. See 504 F.3d at 1039.

Plaintiff also asserts that the fact that he continued to seek out work did not undermine his allegations of disability given his financial circumstances. In Lingenfelter, the Ninth Circuit did find the ALJ's reliance on the claimant's work attempt in discounting his credibility to be "especially unconvincing" where the claimant had attempted to work "only because of extreme necessity." 504 F.3d at 1038-39. But it did so because under the circumstances of that case – i.e., where the record actually showed the claimant had stopped working due to his impairments – it was "at least as likely that the claimant tried to work in spite of his symptoms, not because they were less severe than alleged." Id.

As for the issue of unemployment benefits, plaintiff argues his receipt thereof is not clearly inconsistent with his allegations of disability, because the record is unclear as to whether he held himself out as being available for full-time work. An ALJ may consider receipt of unemployment benefits in discounting a claimant's credibility. See Copeland v. Bowen, 861 F.2d 536, 542 (9th Cir. 1988) (noting ALJ gave specific reasons for rejecting claimant's credibility, including his receipt of unemployment benefits, indicating he apparently considered himself capable of work and holding himself out as being available therefor). But while "receipt of unemployment benefits can undermine a claimant's alleged inability to work fulltime," only

REPORT AND RECOMMENDATION - 9

where the record shows the claimant has "held himself out as available for full-time" work, will receipt of such benefits be found to be inconsistent with allegations of disability. <u>Carmickle v. Commissioner, Social Sec. Admin.</u>, 533 F.3d 1155, 1162 (9th Cir. 2008). Although plaintiff testified he "would have tried to" perform full-time work if he had found it, he also testified that he was looking for either full- or part-time work, depending on the "kind of job" he could find, thereby indicating he had been holding himself out as available for all types of work, including full-time. AR 61.

The undersigned does agree with plaintiff that the ALJ erred in discounting his credibility for the following reasons:

> Further bearing on the claimant's credibility in his medical treatment record. While the claimant asserts numerous subjective complaints, the record reveals only conservative and routine treatment consistent with his activities of daily living. He has not been hospitalized for psychiatric reasons. He does participate in mental health counseling. The treatment in this case is therefore not consistent with the alleged severity of his impairments. His conservative treatment suggests his impairments do not preclude basic work activity.

AR 31. A claimant's statements "may be less credible if the level or frequency of treatment is inconsistent with the level of complaints." Social Security Ruling ("SSR") 96-7p, 1996 WL 374186 *7.[2] On the other hand, the ALJ "must not draw any inferences" about a claimant's symptoms and their functional effects from a failure to seek greater treatment, "without first considering any explanations" that the claimant "may provide, or other information in the case record, that may explain" that failure. <u>Id.</u> Thus, it is improper to discount credibility on the basis

---

[2] <u>See also</u> <u>Burch v. Barnhart</u>, 400 F.3d 676, 681 (9th Cir. 2005) (upholding ALJ's discounting of claimant's credibility in part due to lack of consistent treatment, noting fact that claimant's pain was not sufficiently severe to motivate her to seek treatment, even if she had sought some treatment, was powerful evidence regarding extent to which she was in pain); <u>Meanal v. Apfel</u>, 172 F.3d 1111, 1114 (9th Cir. 1999) (ALJ properly considered physician's failure to prescribe, and claimant's failure to request serious medical treatment for supposedly excruciating pain); <u>Johnson v. Shalala</u>, 60 F.3d 1428, 1434 (9th Cir. 1995) (ALJ properly found prescription for conservative treatment only to be suggestive of lower level of pain and functional limitation).

REPORT AND RECOMMENDATION - 10

of failure to pursue treatment when the claimant "has a good reason for not" doing so, such as lack of insurance coverage. Carmickle, 533 F.3d at 1162.

There is evidence in the record that plaintiff's limited financial resources and lack of health insurance coverage, at least at times, have had a significant impact on his ability to access needed treatment. See AR 230, 234, 239, 277, 280, 284.  Although the ALJ did mention some of this evidence (see AR 29), she did not include any discussion thereof in discounting plaintiff's credibility on the basis of conservative treatment, and thus failed to properly take it into account. Nevertheless, the fact that one or more of an ALJ's stated reasons for discounting a claimant's credibility is improper does not render the ALJ's credibility determination invalid, where – as in this case – the substantial evidence in the record overall supports that determination, given the existence of other proper reasons offered by the ALJ. See Tonapetyan, 242 F.3d at 1148; Bray v. Commissioner of Social Sec. Admin., 554 F.3d 1219, 1227 (9th Cir. 2009) (while ALJ relied on improper reason for discounting claimant's credibility, other valid, independent bases for doing so were presented, each with "ample support in the record").

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends the Court find the ALJ properly concluded plaintiff was not disabled.  Accordingly, the undersigned recommends as well that the Court affirm defendant's decision to deny benefits.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal. See Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk

REPORT AND RECOMMENDATION - 11

is directed set this matter for consideration on **May 23, 2014**, as noted in the caption.

DATED this 6th day of May, 2014.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 12